FILED

2012 OCT 19 AM 11: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EHTRAM U. MIRZA,<br><br>Plaintiff,<br><br>v.<br><br>ASSET ACCEPTANCE CAPITAL CORP. d.b.a. ASSET ACCEPTANCE, LLC and DOES 1 though 10, inclusive<br><br>Defendants. | CASE NO.: SACV12-1832-AG (ANx)<br><br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant ASSET ACCEPTANCE CAPITAL CORP. d.b.a. ASSET ACCEPTANCE, LLC alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California.

3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692 a(6) with its principal place of business in Anaheim, California.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it resides and regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff to one "Chase Health Advance."

7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

8. That the Defendant reported the aforementioned debt to the credit reporting agencies, including, but not limited to, Equifax.

9. That in response, Plaintiff sent the Defendant a letter, dated April 3, 2012, to dispute and request validation of the alleged debt in accordance with his consumer rights.

10. That Defendant failed to provide the Plaintiff with validation as required by the FDCPA.

11. That the Plaintiff sent the Defendant a second letter, dated April 12, 2012, to dispute and request validation of the alleged debt in accordance with his consumer rights.

12. That notwithstanding Plaintiff's repeated, lawful disputes and further requests for validation of the debt, Defendant continued to fail to provide validation of the alleged debt.

13. That notwithstanding Plaintiff's written requests for validation, the Defendant sent the Plaintiff a dunning notice in an attempt to collect the aforementioned debt.

14. That in said dunning notice, dated April 13, 2012, the Defendant, to further confuse Plaintiff, deceptively stated in pertinent part, **"...we are presently unable to determine the nature of your dispute."**

15. That, in addition, said dunning notice contained the following misrepresentations: **"If you still have reason to believe the information is inaccurate, please provide an explanation of why it is inaccurate, as well as any supporting documentation."**

16. That said notice contains statements that are misleading in that they do not clearly or properly provide information concerning the alleged debt and fail to provide validation as required by law.

17. That said notice deceptively and unfairly puts the burden on the consumer to provide information and documentation to the collection agency regarding the alleged debt and the nature of the consumer's dispute.

18. That said notice contains misleading and overshadowing language, confusing the Plaintiff as to his consumer's rights

19. That upon information and belief, Defendant had no intention or ability to validate the alleged debt upon Plaintiff's multiple requests.

20. That Defendant's actions are false and misleading.

21. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

22. That due to Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: embarrassment, humiliation, stress, anxiety, aggravation and sleepless nights.

23. That as a result of Defendant's conduct, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

24. That the Defendant violated the FDCPA. That Defendant's violations include, but are not limited to, the following:

(a) That Defendant's letter contains false and deceptive representations in violation of 15 U.S.C. §1692e.

(b) That the Defendant violated 15 U.S.C. §1692e by communicating credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(c) That Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

(d) Defendant violated 15 U.S.C. 1692g for failing to provide the Plaintiff with written validation and continuing its collection efforts notwithstanding Plaintiff's written request for validation.

25. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for statutory and actual damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

26. Plaintiff realleges paragraphs 1 through 25 as if fully restated herein.

27. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

28. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation; by contradicting and overshadowing the consumer's rights, by failing to include certain debt collection notices and disclosures required by law and by violating the FDCPA.

29. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual

damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

30. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover penalties of at least $1,000 per violation as provided for in the Act.

31. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq*., as to the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq*.

(d) For such other and further relief as may be just and proper.

(e) Plaintiff requests trial by jury on all issues so triable.

Dated: October 10, 2012

AMIR J. GOLDSTEIN, ESQ.

Amir J. Goldstein
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

**SACV12- 1832 AG (ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[/] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Amir J. Goldstein, Esq. (SBN: 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EHTRAM U. MIRZA,<br>PLAINTIFF(S)<br>v.<br>ASSET ACCEPTANCE CAPITAL CORP. d.b.a. ASSET ACCEPTANCE, LLC and DOES 1 though 10, inclusive<br>DEFENDANT(S). | CASE NUMBER<br>SACV12-1832-AG(AN)<br><br>**SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Amir J. Goldstein, Esq., whose address is 5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clark, U.S. District Court

Dated: OCT 19 2012

By: MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
EHTRAM U. MIRZA,

**DEFENDANTS**
ASSET ACCEPTANCE CAPITAL CORP. d.b.a. ASSET ACCEPTANCE, LLC and DOES 1 though 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Amir J. Goldstein, Esq.
5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036
323.937.0400

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**______

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq; violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☑ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: SACV12-1832

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ____ Date 10/10/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |